**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-40-H**

**L. RUTHER**                                                                                                                    **PLAINTIFF**

**v.**

**STATE KENTUCKY OFFICERS**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff L. Ruther filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 4). **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 4) is **GRANTED**. Upon review of the complaint under 28 U.S.C. § 1915(e), the Court will dismiss the instant action.

**I.**

Plaintiff filed a complaint against "State Kentucky Officers." Plaintiff's complaint is not a model of clarity. He first reports that on November 1, 2006, "Barry Gash get $59,000 Sun Trust . . . to buy Capital One Bank Receibles, $3 mil + to do collect. He kept money, no do contract records." He then advises, "I report need arrest warrant to Shelby Co. Sheriff Armstrong No do warrant. I report to State Police Franfort Co. Mr. Secor no warrant done." Next, he claims, "I lawsuit to Shelby, Jefferson Cos do lawsuit, No do. . . Atty Gen, No Do Ky Laws." As relief, he asks the Court to order the State to pay monetary and punitive damages in the amount of $118,000 each.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although the complaint is difficult to follow, it appears that Plaintiff effectively argues that the State is responsible for damages because Shelby and Jefferson County officials, a state trooper, and the Attorney General would not investigate and/or charge Barry Gash with a crime

for keeping money in some sort of banking transaction. Plaintiff fails, however, to cite to any state or federal law which has been violated, and his complaint fails to contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Moreover, because the relief Plaintiff seeks is an order directing the "State pay damage, punitive damage," Plaintiff's action is barred by the Eleventh Amendment to the U.S. Constitution.[1] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

For the reasons stated herein, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005